UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDMOND SPENCER (#253212)

VERSUS                                                                                CIVIL ACTION

MATTHEW STOKES, ET AL                                            NUMBER 10-50-JJB-DLD

**NOTICE**

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

   In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Signed in Baton Rouge, Louisiana, on February 8, 2010.

                                                                              _____
                                                                              **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDMOND SPENCER (#253212)

VERSUS                                                               CIVIL ACTION

MATTHEW STOKES, ET AL                                  NUMBER 10-50-JJB-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Assistant Warden Troy Poret and Lt. Matthew Stokes. Plaintiff alleged that his personal property was stolen from the prison storage room in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116,

1119 (5th Cir. 1986).

Plaintiff alleged that Lt. Stokes and inmate Peter Post stole his hobby craft tools from the Camp D Falcon Unit Property Storage Room and sold the tools to other inmates. Plaintiff alleged that Lt. Stokes altered the inmates' inventory sheets to add the stolen property to their lists. Plaintiff alleged that he filed an administrative grievance complaining about the theft.  As a result, Assistant Warden Poret ordered Lt. Stokes to retrieve the plaintiff's personal property.  Plaintiff alleged that all of his property was not recovered.

Plaintiff alleged that the recovered property has been removed from the storage room to an undisclosed location.  Plaintiff alleged that prison officials confiscated his property but did not allow him to mail it home in accordance with prison policy.

Plaintiff alleged that he has been deprived of his property without due process of law. Random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists.  *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984).  Louisiana has ample remedies under which the plaintiff may proceed against the defendants for recovery of his property or for the reimbursement of its loss.  *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

Plaintiff alleged that Lt. Stokes threatened to harm him if he told anyone that Lt. Stokes stole his property.

Allegations of verbal abuse alone do not present claims under section 1983.  "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."  *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985);

2

*Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973).  The allegations against Lt. Stokes regarding verbal abuse is therefore insufficient to raise a constitutional violation.

Plaintiff alleged that Warden Cain and Assistant Warden Poret failed to respond to his letters or the telephone calls from his family members inquiring about the theft of his property.

Plaintiff does not have a constitutional right to receive a response to his correspondence from prison officials.

Plaintiff alleged that prison officials failed to discipline Lt. Stokes or inmate Post or to have criminal charges brought against them for the theft of his property.

Plaintiff does not have a constitutional right to have the parties involved in the alleged theft disciplined or criminally prosecuted.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and without prejudice to any state law claim.

Signed in Baton Rouge, Louisiana, on February 8, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**